IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** <br><br> This Document Relates to: <br><br> Civ. Nos. 24-1269 (Harper), 21-1798 (Johnson), 24-670 (Savage), 22-1095 (Wilkerson) and 24-1405 (Zuber), | Master Docket: Misc. No. 21-1230 <br><br> MDL No. 3014 |

## MEMORANDUM OPINION

I.     Introduction

Pending before the court is a motion (ECF No. 3509), with brief in support (ECF No. 3510), filed by Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips"). In this motion, Philips seeks dismissal with prejudice of 12 cases (listed in an exhibit to its brief, ECF No. 3510-2) for failure to fully comply with the deadlines in the Docket Management Order ("DMO") (ECF No. 2769) and June 13, 2025 show cause order (ECF No. 3376). Philips acknowledges that the Litigating Plaintiffs at issue in this

motion took some action in response to the DMO, but contends that they failed to cure (or show good cause for) the deficiencies in those responses.[1]

Philips' motion to dismiss was filed on the docket at each affected case. On September 17, 2025, the court entered an order at each affected case instructing plaintiffs to respond to Philips' motion by October 1, 2025. No responses were received from the 5 Litigating Plaintiffs at issue in this opinion and the accompanying order (Civ. Nos. 24-1269 (Harper), 21-1798 (Johnson), 24-670 (Savage), 22-1095 (Wilkerson) and 24-1405 (Zuber)).[2] The motion to dismiss is ripe for decision in each of these cases.

II.    Procedural History

The United States District Court for the Western District of Pennsylvania is managing coordinated or consolidated pretrial proceedings for the above-captioned Philips MDL pursuant to 28 U.S.C. § 1407. The MDL arose from Philips' 2021 recall of certain CPAP devices. The court approved class action settlements of economic loss and medical monitoring claims. On May 9, 2024, Philips and many of the plaintiffs entered into private settlement agreements to resolve personal injury claims (ECF No. 2768). The deadlines for participating in that personal injury settlement expired. The existence of a qualifying injury (or lack thereof) for the settlement does not affect the duties of a Litigating Plaintiff under the DMO.

On May 9, 2024, the Court entered the DMO (ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in

---

[1] In a separate motion (ECF No. 3499), Philips sought dismissal of 79 Litigating Plaintiffs who allegedly did nothing to comply with the DMO and Show Cause order. The court addressed that motion in a separate opinion and order.
[2] The remaining Litigating Plaintiffs identified in Philips' motion either filed a response to the motion to dismiss or the June 13, 2025 show cause order, or have a remand motion pending. Their cases will be addressed in separate opinions and orders.

2

the settlement of personal injury claims). On February 28, 2025, Philips filed a Notice at each individual case, to reiterate that the DMO deadlines applied to all Litigating Plaintiffs. As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff fails to fully comply with the DMO, that case is subject to dismissal with prejudice. Philips reports that the plaintiffs at issue in the pending motion took some action in response to the DMO, but their responses were deficient in some way (as itemized in the supporting brief and chart at ECF No. 3510-2). Philips reports that the Litigating Plaintiffs at issue have not cured those deficiencies, as of the date of its motion, despite the passage of several additional months. Philips argues that the Litigating Plaintiffs at issue did not articulate good cause for the continuing deficiencies.

On June 10, 2025, Philips filed a motion (ECF No. 3368) for the court to enter a "show cause" order for each nonresponsive Litigating Plaintiff to explain why their case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and entered the show cause order (ECF No. 3376). The show cause order was also entered at the individual docket of each affected case. That order provided, in relevant part:

> ORDER TO SHOW CAUSE. All Plaintiffs listed in Exhibit A to this Order shall, no later than July 7, 2025, either (1) cure the deficiencies noted in Exhibit A to this Order and provide proof of having done so to the Court, or (2) file a response demonstrating good cause for their failure to cure. Pursuant to paragraph 21 of the Docket Management Order, ECF No. 2769, failure to do so shall result in dismissal of the relevant Plaintiff's claims with prejudice.

*Id.* The 5 Litigating Plaintiffs at issue in this opinion did not respond to the show cause order.

On September 17, 2025, Philips filed the pending motion to dismiss. The 5 plaintiffs at issue in this opinion did not respond to the motion to dismiss.

III.     Discussion

Philips' motion involves 12 Litigating Plaintiffs who took some action with respect to their obligations under the DMO, but did not fully comply and did not articulate good cause for their failure to fully comply.  Philips seeks dismissal of these cases with prejudice.

The deadlines in the DMO were designed to create an efficient process for all litigants. There was no surprise because the DMO was issued more than a year ago, on May 9, 2024 (ECF No. 2769).  The DMO provided that the court expected "complete and full compliance" with the DMO.  *Id.* at 1.  A reminder to each Litigating Plaintiff was docketed in their individual case on February 28, 2025.  The Litigating Plaintiffs, therefore, were on notice of their duties, among other things, to complete a plaintiff fact sheet, provide authorizations for medical records and obtain an expert report.  Much of the information required by the DMO concerns only the Litigating Plaintiffs' own claims and is not dependent on access to forms or discovery directed to other parties.

Philips notified each of the Litigating Plaintiffs at issue in this opinion and order of their alleged failures to comply with the DMO.  These Litigating Plaintiffs did not dispute Philips' allegations about their noncompliance, did not explain why they were unable to comply with the DMO deadlines or the "show cause" deadlines, did not ask the court for an extension of time to gather the required information and did not articulate any steps they took to attempt diligently to comply with the deadlines.

The court issued the "show cause" order contemplated by ¶ 21 of the DMO on June 13, 2025 (ECF No. 17).  The 5 Litigating Plaintiffs now at issue failed to cure the deficiencies or to demonstrate good cause for that failure, despite the passage of several more months.  The 5 Litigating Plaintiffs at issue in this opinion did not respond to either the show cause order or the

4

pending motion to dismiss. As set forth in DMO ¶ 20 and 21 and the show cause order, their complaints shall be dismissed with prejudice.[3]

### IV. Modifications to Philips' Proposed Order

The court will not enter Philips' proposed order, as drafted. Philips' proposed order would apply to 12 cases filed by Litigating Plaintiffs. Upon the court's independent review, there are 7 cases that merit separate discussions and opinions: (1) Brown, Civ. No. 21-1453 (who responded to the show cause order); (2) Buzzanga, Civ. No. 25-59 (who responded to the show cause order and motion to dismiss); (3) James, Civ. No. 22-1383 (who responded to the show cause order); (4) Marin, Civ. No. 23-240 (who responded to the show cause order); (5) Schadewald, Civ. No. 24-735 (who responded to the show cause order and motion to dismiss); (6) Traversa, Civ. No. 22-652 (which has a pending remand motion); and (7) Trojanowski, Civ. No. 24-1157 (which has pending disclosures). The remaining 5 cases listed in Philips' proposed order (Civ. Nos. 24-1269 (Harper), 21-1798 (Johnson), 24-670 (Savage), 22-1095 (Wilkerson) and 24-1405 (Zuber)) will be dismissed with prejudice.

### V. Conclusion

For the reasons set forth above, Philips' motion (ECF No. 3509) to dismiss cases in which Litigating Plaintiffs failed to fully comply with the DMO or show cause order will be granted in part, with respect to the 5 cases listed in the accompanying order (Civ. Nos. 24-1269 (Harper), 21-1798 (Johnson), 24-670 (Savage), 22-1095 (Wilkerson) and 24-1405 (Zuber)), and

---

[3] To the extent evaluation of the "*Poulis* factors," *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is necessary in light of the clear language of this court's orders, the court concurs with Philips' analysis of the *Poulis* factors, ECF No. 3510 at 5-6), and finds the *Poulis* factors weigh heavily in favor of dismissal with prejudice of each of the 5 cases addressed in this opinion.

taken under advisement in part with respect to Civ. Nos. Civ. No. 21-1453 (Brown), 25-59 (Buzzanga), 22-1383 (James), 23-240 (Marin), 24-735 (Schadewald), 22-652 (Traversa) and 24-1157 (Trojanowski).  The 5 cases will be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies.

An appropriate order will be entered.

Dated:  October 3, 2025

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge